# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-852V
Filed: May 2, 2017

```
* * * * * * * * * * * * * * * *
ADAM LUNA, parent of E.L., a minor    *
                                      *          Special Master Sanders
              Petitioner,             *
                                      *
v.                                    *          Attorneys' Fees and Costs;
                                      *          Reasonable Amount Requested.
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Julia W. McInerny, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 29, 2013, Adam Luna ("Petitioner") filed a petition on behalf of his minor child, E.L., for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that as a result of an influenza ("flu") vaccine administered on December 1, 2010, E.L. suffered neurological injuries and/or transverse myelitis ("TM"). Decision, ECF No. 58. On October 18, 2016, Special Master Hamilton-Fieldman issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation. *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On March 1, 2017, Petitioner filed an application for attorneys' fees and costs. Mot. Att'ys' Fees & Costs, ECF No. 66. Petitioner requested attorneys' fees in the amount of $62,049.25 and attorneys' costs in the amount of $19,997.44. *Id.* at 1. Petitioner also requested $108.98 for costs personally incurred in the course of this litigation, for a total of $82,155.67. *Id.*

Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. 2 , ECF No. 68. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. On March 10, 2017, Petitioner submitted an Amended Motion for Attorneys' Fees and Costs. Amend. Mot. Att'ys' Fees & Costs, ECF No. 69. Petitioner stated that he received an additional invoice from his guardianship attorney and therefore sought to amend his motion for fees. *Id.* at n.1. Petitioner requested the same amount of attorneys' fees and personal costs, but he increased his request for attorneys' costs to $20,207.44, for a total of $82,365.67. *Id.* at 1. Respondent did not submit a response to Petitioner's amended motion, nor did Petitioner file a reply thereafter. *See* Docket Rep.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $82,256.69,[3] in the form of a check made payable jointly to Petitioner and Ronald C. Homer, of Conway, Homer, P.C.; and the amount of $108.98, in the form of a check made payable to Petitioner only.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).